Rose Tarulli, Individually and as Administratrix of the Estate of Leo Tarulli, Deceased, Respondent, v. John Rocchio, Appellant.— In an action by plaintiff, the legal representative of a deceased partner, against defendant, the surviving partner, for an accounting, the court denied a motion by plaintiff to dismiss an alleged counterclaim set forth in the answer and, in effect, granted an interlocutory judgment upon the pleadings, directing an accounting by defendant. From the interlocutory judgment so entered, and from an order denying a motion by defendant to resettle said interlocutory judgment, the defendant appeals. Judgment modified on the law and the facts by (1) striking out all of the second ordering paragraph after the words "to wit" and by inserting in lieu thereof the following: "That the defendant set forth in detail any and all property and assets of the partnership which came into the possession of defendant or under his control upon the death of Leo Tarulli and the use and disposition thereof made by defendant since that date; any and all money, assets and other property received or collected by defendant through the continuance of the business of said partnership, or in the liquidation thereof, the amount expended by defendant for salaries and other carrying charges necessary in the conduct of the said business; and the nature and amount of any and all property and assets of said partnership, whether money, motor vehicles or otherwise, including any and all bills receivable unpaid, remaining in the possession of defendant or under his control at the date of said account; that defendant supply a list of the names of all the customers served since the death of said deceased, showing the amounts collected from each customer or customers, with the date thereof, and the address of each such customer or customers; and that the defendant produce all books, records and other papers pertaining to the said partnership and the assets and property thereof, including any and all documents and other records showing the number of trucks or other motor vehicles owned by the partnership at the time of the death of the said deceased, or acquired thereafter by defendant as surviving partner, and that said defendant furnish any and all other information in his possession or under his control which may be relevant in the determination of the exact nature and extent of the partnership assets, property and financial condition; and that said account be rendered under oath"; and (2) by inserting in the third ordering paragraph after the words "also to take proof" the words "to such extent as the Official Referee may deem material for the information of the court"; and (3) by inserting in the fourth ordering paragraph after the words "that said defendant" the words "and such other persons as the Official

Referee may deem proper"; and (4) by adding at the end thereof a new paragraph reading as follows: "Ordered, adjudged and decreed, that any of the parties to this action shall have leave to apply to the court for such other or further order or judgment as he may be advised." As so modified, the judgment is unanimously affirmed, without costs. This interlocutory judgment is, in effect, a judgment upon the pleadings. There is nothing in the pleadings which requires any accounting prior to the death of plaintiff's intestate. The alleged counterclaim does not set forth any facts which require any accounting on behalf of the deceased partner. Upon this record the assumed business name adopted by the partnership appears to be an asset, and the good will, if any, stands in the same category. There is no occasion, however, for any extensive inquiry before the official referee as to the alleged value of these items since it does not appear that either of the parties has either the right or the duty to purchase from or sell to the other. Appeal from order dismissed, without costs. Present — Lewis, P. J., Carswell, Johnston, Adel and Aldrich, JJ.