■ RALPH J. JULIANO, as Administrator of the Estate of RALPH JULIANO, Deceased, Appellant, v JOHN REA et al., as Surviving Partners of PELUSO MACHINE AND IRON WORKS, Respondents. (And a Second Action.) — In an action brought by the administrator of a deceased partner's estate for a partnership accounting, plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated December 2, 1981, as denied his motion for a "summary interlocutory judgment" directing defendants (the surviving partners) to account to him. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and the motion for a "summary interlocutory judgment" directing defendants to account to plaintiff is granted. Defendants argue that Marion Juliano, the widow of the deceased partner, received an accounting from the defendants upon her claim to be the "legal representative" of the estate of her deceased husband. We find that Marion Juliano was not the "legal representative" of the deceased partner within the meaning of sections 73 and 74 of the Partnership Law. The term "legal representative" for purposes of these sections refers only to the administrator or executor of a deceased partner's estate. (See *Griswold v Sawyer,* 125 NY 411; *La Russo v Paladino,* 280 App Div 988.) Moreover, an examination of the release given to defendants by Marion Juliano reveals that she signed it as an individual, and not as the legal representative of the estate of her husband. Further, from an examination of the record we find that no actual accounting ever took place. A partnership accounting encompasses more than supplying tax returns. (See *Tarulli v Rocchio,* 270 App Div 1023.) Thus, plaintiff, as administrator of the estate of the deceased partner, is entitled to an accounting pursuant to the partnership agreements. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.