■ RALPH J. JULIANO, Appellant, v JOHN REA et al., Respondents. (And Another Title.)—In an action, *inter alia,* for a partnership accounting, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Luciano, J.), dated June 30, 1984, which denied his motion for the appointment of a receiver; (2) as limited by his brief, from so much of an order of the same court, dated January 15, 1985, as, upon reargument, adhered to its original determination; and (3) from so much of an order of the same court (D'Amaro, J.), dated February 20, 1985, as confirmed a Referee's report regarding an accounting of the defendants' partnership, determined that the partnership's capital account as of December 31, 1977 was $54,562, and determined that the plaintiff's share in that capital account was $18,187.33.

Appeal from the order dated June 30, 1984, dismissed. That order was superseded by the order dated January 15, 1985, made upon reargument.

Orders dated January 15, 1985 and February 20, 1985, affirmed insofar as appealed from.

The defendants are awarded one bill of costs.

The court properly confirmed the Referee's report, as the Referee took and stated the account in accordance with an interlocutory judgment entered on September 16, 1982, pursuant to an order of this court dated July 26, 1982 *(see, Juliano v Rea,* 89 AD2d 618). Additionally, the appellant has failed to make a showing that the appointment of a receiver pursuant to CPLR 6401 was necessary in order to protect the partnership's property from being "removed from the state, or lost, materially injured or destroyed" (CPLR 6401 [a]). Nor was appointment of a receiver pursuant to CPLR 5106 necessary in order to "carry the judgment into effect" as the court had already specifically appointed a Referee to assist in this goal.

There was no indication from the Referee, or evidence by the appellant, that the appointment of a receiver was necessary to perform the Referee's duties. As the court stated, if the appellant was merely dissatisfied with the Referee's performance, his proper remedy at that point "would appear to lie in a motion seeking to have the referee properly perform his duties or a motion contesting confirmation of the referee's report". Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.