In the Matter of the Arbitration between FREDERICK ZELLWEGER et al., Appellants, and MARIUS FORTELNI et al., Respondents. [639 NYS2d 388]

In a dispute between "Investors" in a restaurant seeking arbitration and "Developers" resisting it, the arbitration clause reads as follows: "In case of differences arising from this agreement, Investors and Developers shall appoint mutually acceptable arbitration. In case of failure of agreement Austrian Law shall be applied and the case decided at the courts in Vienna." The Developers' construction of the clause—that the agreement to arbitrate is conditioned upon the appointment of mutually acceptable arbitrators, and that, absent such mutual acceptance, the dispute was to be decided in Vienna — is no less compelling than the Investors' construction—that the court is to appoint an arbitrator should the parties be unable to agree on one, the term "failure of agreement" referring not to the selection of an arbitrator but to the agreement as a whole. The claimed agreement to arbitrate being less than "clear, explicit and unequivocal" (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183), arbitration was properly stayed. Concur—Murphy, P. J., Rubin, Ross and Tom, JJ.

BRUCE M. MEISEL, Respondent, v FANNY GRUMBERG, Appellant. [639 NYS2d 815]

Given defendant's admitted failure to comply with the directive of the prior IAS Justice that the accounting conform to that required in *Tarulli v Rocchio* (270 App Div 1023), it was proper to hold that the submitted accounting was deficient. Concur—Murphy, P. J., Rubin, Ross and Tom, JJ.