■ JAMES R. SMITH et al., Respondents, v PETER M. KANTER, Appellant, et al., Defendants. (Appeal No. 1.) [709 NYS2d 760] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs are owners of shares of preferred stock of defendant Triad Manufacturing Group, Inc. (Triad), a defunct company. Defendant Peter M. Kanter was one of Triad's three officers and directors. On a prior appeal, we held that Supreme Court erred in granting summary judgment to Kanter on three causes of action in action No. 1 (*Smith v Triad Mfg. Group*, 255 AD2d 962). That action and action No. 2 proceeded to trial, and upon plaintiffs' motion after the close of the evidence, the court properly directed a verdict in favor of plaintiffs on the sixth cause of action in action No. 1 (appeal No. 1), and on the second cause of action in action No. 2 (appeal No. 2).

The sixth cause of action in action No. 1 alleges a violation of section 5 of the Federal Securities Act of 1933 ([Act] 15 USC § 77e). Plaintiffs established the violation of that section by submitting evidence that there was no registration statement filed with the Securities and Exchange Commission and that Kanter sold securities using the mails (*see*, 15 USC § 77e; *Securities & Exch. Commn. v Continental Tobacco Co.*, 463 F2d 137, 155).

Kanter contends that, pursuant to section 4 of the Act, he was exempted from the requirements of section 5 because the offering of stock was not a public offering (*see*, 15 USC § 77d [2]). Kanter had the burden of proof to establish the applicability of that exemption. While courts have considered such fac-

tors as the number of offerees and their relationship to each other and to the issuer, the sophistication of the offerees, the size of the offering, and the manner of the offering in determining whether the public offering exemption applies (*see, United States v Arutunoff,* 1 F3d 1112, 1118; *Swenson v Engelstad,* 626 F2d 421, 425), "the applicability of [the exemption] should turn on whether the particular class of persons affected need[s] the protection of the Act" (*Securities & Exch. Commn. v Ralston Purina Co.,* 346 US 119, 125; *see, United States v Arutunoff, supra,* at 1118; *Swenson v Engelstad, supra,* at 425-426).

Kanter failed to meet his burden of proof by presenting evidence sufficient for a reasonable jury to find in his favor (*see, United States v Arutunoff, supra,* at 1119; *see generally, Szczerbiak v Pilat,* 90 NY2d 553, 556). Kanter never established the number of offerees or their identity (*see, Swenson v Engelstad, supra,* at 427). The testimony of plaintiffs established that they were not sophisticated investors or experienced in financial or business matters. Most of the plaintiffs had a high school education, and some were elderly and were diagnosed with Alzheimer's disease shortly after their investment. For the most part, plaintiffs are not related to one another or to the officers of Triad, nor are they acquainted with one another. Kanter failed to establish that plaintiffs had access to information about Triad such that registration would be unnecessary (*see, Van Dyke v Coburn Enters.,* 873 F2d 1094, 1098).

The second cause of action in action No. 2 alleges fraudulent conveyance. Pursuant to Debtor and Creditor Law § 273, "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." After the closing of the preferred stock offering, Kanter paid himself over $92,000 from Triad's corporate account. Plaintiffs presented unrefuted evidence at trial establishing that such payments were made when Triad was insolvent. Based upon the evidence at trial, no reasonable jury could find that the conveyances were made for fair consideration (*see generally, Szczerbiak v Pilat, supra,* at 556). Fair consideration is given for property "[w]hen in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied" (Debtor and Creditor Law § 272 [a]; *see, Matter of Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria v Upstate Bldg. Corp.,* 262 AD2d 981, 982). The bulk of the payments were made to Kanter to buy back the stock he had received from Triad. That stock,

however, was not to be sold or transferred and was worth substantially less than the amount he received for it. Kanter was also aware that, in accepting Triad's checks, there would be almost no money left to operate Triad and that plaintiffs would lose their investment. Based on that evidence and other evidence at trial, plaintiffs established that the conveyances were not made in good faith, i.e., Kanter failed "to deal honestly, fairly and openly," and thus were not made for fair consideration (*Southern Indus. v Jeremias*, 66 AD2d 178, 183; *see, Furlong v Storch*, 132 AD2d 866, 868). (Appeal from Judgment of Supreme Court, Erie County, LaMendola, J.—Federal Securities Act.) Present—Pigott, Jr., P. J., Hayes, Scudder, Kehoe and Balio, JJ.