■ PETER KANTER, Appellant, v JOHN PATRICK PIERI, Respondent. [783 NYS2d 181]—

Appeal from an order of the Supreme Court, Erie County (David J. Mahoney, J.), entered May 23, 2003. The order granted plaintiff's motion for reargument and, upon reargument, adhered to the court's prior determination granting defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendant's motion and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action against defendant after defendant represented plaintiff in a lawsuit that resulted in substantial judgments entered against plaintiff that were previously affirmed by this Court (*Smith v Kanter,* 273 AD2d 793, 795 [2000], *lv denied* 95 NY2d 764 [2000]). Supreme Court granted defendant's motion to dismiss the complaint on the ground that the action was barred by the applicable statute of limitations. Following entry of that order, plaintiff moved for leave to reargue. The court granted plaintiff's motion and adhered to its prior determination. Plaintiff appealed from the court's initial order and failed to appeal from the subsequent order granting leave to reargue, which superseded the initial order (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]). We exercise our discretion to treat the notice of appeal as one taken from the order granting leave to reargue (*see* CPLR 5520 [c]; *Pol-Tek Indus. v Panzarella,* 227 AD2d 992 [1996]), and now modify the order by denying the motion to dismiss and reinstating the complaint.

A cause of action for legal malpractice accrues when the malpractice is committed (*see Glamm v Allen,* 57 NY2d 87, 93, 95 [1982]), and must be interposed within three years thereafter

(*see* CPLR 214 [6]; *Aaron v Roemer, Wallens & Mineaux,* 272 AD2d 752, 754 [2000], *lv dismissed* 96 NY2d 730 [2001]). We agree with plaintiff that defendant failed to meet his initial burden of establishing that this action is untimely (*see Government Dev. Bank for Puerto Rico v Ernst & Young,* 219 AD2d 467 [1995]; *cf. Gravel v Cicola,* 297 AD2d 620, 620-621 [2002]). In support of his motion, defendant contended that this action was commenced on April 11, 2002, and the trial on the underlying action concluded on March 8, 1999. Nevertheless, in addition to alleging that defendant's conduct during that trial constituted malpractice, plaintiff also alleges in the complaint that defendant's conduct in not opposing the request for attorney's fees made by the plaintiffs in the underlying action constituted malpractice. The record in the prior appeals before us establishes that a judgment entered on April 12, 1999 awarded attorney's fees to the plaintiffs in the underlying action. In support of his motion, defendant failed to submit any evidence showing when the request for attorney's fees was made, or when the time to oppose that request expired. Defendant thus failed to establish that the acts constituting malpractice as alleged by plaintiff occurred more than three years before the commencement of this action.

In any event, even assuming, arguendo, that defendant met his initial burden, we conclude that plaintiff established that the continuous representation doctrine applies. At the outset, we note that we have not considered any evidence submitted by the parties at oral argument that was outside the stipulated record on appeal. The continuous representation doctrine tolls the statute of limitations period until the representation is completed (*see Glamm,* 57 NY2d at 93-94). For the doctrine to apply, "there must be clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney" (*Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505, 506 [1990]; *see Marro v Handwerker, Marchelos & Gayner,* 1 AD3d 488 [2003]; *Leffler v Mills,* 285 AD2d 774, 775 [2001]). Critically, it must be established that there is "continuing trust and confidence in the relationship between the parties" (*Luk Lamellen U. Kupplungbau GmbH,* 166 AD2d at 507; *see Piliero v Adler & Stavros,* 282 AD2d 511, 512 [2001]; *Aaron,* 272 AD2d at 755). Defendant averred that his representation of plaintiff ended on March 8, 1999, or at the latest on March 26, 1999, when plaintiff retained different counsel to represent him on the appeal. Plaintiff submitted evidence, however, establishing that, although he retained different appellate counsel, both he and his new appellate counsel understood that defendant would be preparing, filing, and serving the no-

tice of appeal in the underlying action, and that he trusted that defendant would do so. There was thus continuing trust and confidence between plaintiff and defendant at least until defendant prepared, filed, and served that notice of appeal on behalf of plaintiff. That notice of appeal was filed by defendant on April 21, 1999, which would make this action, commenced within three years of that date, timely. Present—Green, J.P., Kehoe, Martoche and Hayes, JJ.