■ WAL-MART STORES, INC., Respondent, v UNITED STATES FIDELITY AND GUARANTY COMPANY et al., Appellants. [784 NYS2d 25]—

Order, Supreme Court, New York County (Diane A. Lebedeff,

J.), entered June 26, 2003, which denied defendants' motions to dismiss the action for failure to commence within the contractual limitations period and on the ground of res judicata, and order, same court and Justice, entered on or about December 1, 2003, which, to the extent appealable, denied defendants' motions to renew, unanimously affirmed, with costs.

Plaintiff seeks damages for breach of contract in this insurance coverage dispute. The policies provided that any suit brought to recover for losses "shall not be barred if commenced within the time prescribed therefor in the statutes of the State of New York," but did not specifically mention or incorporate by reference the requirement in the standard fire insurance policy of this state (*see* Insurance Law § 3404 [e]) that any such lawsuit be commenced within 24 months after inception of the loss. As a result, plaintiff was entitled to rely on the six-year statute (CPLR 213; *see 1303 Webster Ave. Realty Corp. v Great Am. Surplus Lines Ins. Co.*, 63 NY2d 227, 231 [1984]; *United Tech. Corp. v American Home Assur. Co.*, 989 F Supp 128, 158 [D Conn 1997]; *Port of Seattle v Lexington Ins. Co.*, 111 Wash App 901, 915-919, 48 P 3d 334, 341-343 [2002]; *see also Guadagno v Colonial Coop. Ins. Co.*, 101 AD2d 947 [1984]; *Conte v Yorkshire Ins. Co.*, 5 Misc 2d 670 [1957]). The motion court properly declined to reach defendants' argument regarding the application of CPLR 202 on the ground that it was improperly raised for the first time in reply.

The prior federal ruling regarding the applicable limitations period lacked preclusive effect since plaintiff was not in functional "privity" with its additional insured that was a party in the federal action, and furthermore had no incentive to participate in that action (*see e.g. Jeffreys v Griffin*, 1 NY3d 34, 42 [2003]) since its rights were not dependent on those of the additional insured. Any doubts regarding the preclusive effect of the ruling were properly resolved in plaintiff's favor (*see Buechel v Bain*, 97 NY2d 295, 305 [2001], *cert denied* 535 US 1096 [2002]).

Renewal was properly denied in the absence of any explanation for the failure to submit the "new" materials on the original application. We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Williams, Marlow and Sweeny, JJ.