■ Frank A. Amendola et al., Plaintiffs, v Barbara A. Kendzia, Individually and on Behalf of CCB Associates, a New York General Partnership, Defendant and Counterclaim Plaintiff-Appellant. Frank A. Amendola et al., Counterclaim Defendants-Respondents. (Appeal No. 1.) [793 NYS2d 811]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered January 16, 2004. The order granted the motion and cross motion of counterclaim defendants and dismissed counterclaims one through four as time-barred and granted the motion of counterclaim defendant Anthony D. Parone for a protective order.

It is hereby ordered that said appeal from the order insofar as it dismissed counterclaims one through four be and the same hereby is unanimously dismissed and the order is modified on the law by denying the motion of counterclaim defendant Anthony D. Parone and as modified the order is affirmed without costs.

Memorandum: This action was commenced by three general partners and the partnership against a fourth general partner, who counterclaimed individually and on behalf of the partnership against the individual plaintiffs. Four of the six counterclaims are asserted against the three general partners: the first counterclaim is for fraudulent inducement, the third counterclaim is for breach of fiduciary duty, the fourth counterclaim is for an accounting, and the sixth counterclaim is for breach of contract. Those counterclaims arise from the alleged breach by the individual plaintiffs of various obligations relating to their alleged oral agreement to reconvey to the partnership certain real property formerly owned by the partnership but now owned by Frank A. Amendola, a plaintiff and counterclaim defendant. The second counterclaim is asserted against Amendola only and seeks to impose a constructive trust on the real property, and the fifth counterclaim alleges legal malpractice by plaintiff and counterclaim defendant Anthony D. Parone, who is an attorney as well as a general partner, in connection with the foregoing alleged transaction.

In appeal No. 1, Barbara A. Kendzia, the defendant and counterclaim plaintiff, appeals from an order that granted the motion of Amendola and Joseph P. Bruno, the third individual plaintiff and counterclaim defendant, to dismiss the first through fourth counterclaims against them as time-barred; granted the cross motion of Parone seeking dismissal of the first through fourth counterclaims against him as time-barred (despite the fact that the second counterclaim is asserted against Amendola only); and granted the separate motion of Parone for a protective order with respect to "all confidential attorney-client communications requested by [Kendzia]."

Insofar as it dismissed the first four counterclaims as time-barred, the order in appeal No. 1 was superseded by the

subsequent order in appeal No. 2. Consequently, we dismiss the appeal from the order in appeal No. 1 insofar as Supreme Court dismissed the first four counterclaims (*see Baker v Baker* [appeal No. 2], 199 AD2d 967, 967-968 [1993]; *Cooper v Cooper & Clement*, 198 AD2d 812, 813 [1993]; *see generally Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985 [1990]).

We otherwise modify the order in appeal No. 1 by denying Parone's motion for a protective order. Parone failed to sustain his burden of establishing that the information and documents sought by Kendzia are protected by the attorney-client privilege (*see Matter of Civil Serv. Empls. Assn. v Ontario County Health Facility*, 103 AD2d 1000, 1000-1001 [1984], *lv dismissed* 64 NY2d 816 [1985]; *see also Aetna Cas. & Sur. Co. v Certain Underwriters at Lloyd's*, 263 AD2d 367, 368 [1999], *lv dismissed* 94 NY2d 875 [2000]; *see generally Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377-378 [1991]).

In appeal No. 2, Kendzia appeals from a subsequent order implicitly granting that part of her motion seeking leave to reargue with respect to, inter alia, the prior order dismissing the first through fourth counterclaims and, upon reargument, adhering to the prior decision dismissing those counterclaims as time-barred. In addition, the order granted the motion of Amendola and Bruno seeking dismissal of the sixth counterclaim against them as time-barred and removal of the lis pendens filed by Kendzia. The order further dismissed the fifth and sixth counterclaims against Parone as time-barred, thereby implicitly granting his amended cross motion for that relief. Alternatively, the court dismissed counterclaims two and six as barred by the statute of frauds. In addition, the order denied that part of the cross motion of Kendzia seeking leave to amend her answer with counterclaims and seeking to stay "any cancellation" of her lis pendens.

Addressing first the court's alternative basis for dismissing the second and sixth counterclaims based on the statute of frauds, we conclude that the court erred in dismissing the second counterclaim on that ground. The statute of frauds does not furnish a defense to a cause of action seeking to impress a constructive trust on real property (*see Dombek v Reiman*, 298 AD2d 876, 877 [2002]; *Zongrone v Zongrone*, 278 AD2d 915 [2000]; *see also Cilibrasi v Gagliardotto*, 297 AD2d 778, 779 [2002]). We further conclude, however, that the court properly dismissed the sixth counterclaim, for breach of contract, based on the statute of frauds. General Obligations Law § 5-703 (2) provides in relevant part that a contract for the sale "of any real property, or an interest therein, is void unless the contract

or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." The sixth counterclaim alleges that the parties orally agreed that Amendola would reconvey the subject real property back to the original or some new partnership. Therefore, the sixth counterclaim is barred by the statute of frauds.

In addition, we conclude that the court erred in dismissing counterclaims one through four as untimely interposed, and we therefore modify the order in appeal No. 2 accordingly. CPLR 203 (d) provides in relevant part that a counterclaim "is not barred if it was not barred at the time the claims asserted in the complaint were interposed." Thus, the timeliness of the counterclaims must be ascertained as of the date on which the complaint was filed, i.e., September 27, 2002. The court fixed the accrual date at more than six years prior to that date (see CPLR 213 [1], [8]) based on its observation that the counterclaims "relate to an alleged agreement in 1995." The pertinent inquiry, however, is not when the alleged agreement was made, but rather when the alleged agreement or promise and accompanying fiduciary obligation was breached. The individual plaintiffs have failed to identify any plausible accrual date prior to November 18, 1996, which, as far as this record reveals, is the earliest date upon which the alleged breach of contract and alleged breach of fiduciary duty occurred, and is also the date on which the alleged fraud was perpetrated against Kendzia. Such date was within six years of the commencement of the action, thus rendering timely the first through fourth counterclaims.

We further conclude, however, that the court properly dismissed the fifth counterclaim, for legal malpractice, as time-barred. "A cause of action for legal malpractice accrues when the malpractice is committed . . ., and must be interposed within three years thereafter" (Kanter v Pieri, 11 AD3d 912, 912 [2004]; see CPLR 214 [6]). However, the running of the statute of limitations may be tolled by continuous representation (see Greene v Greene, 56 NY2d 86, 93-95 [1982]; Romeo v Schmidt, 244 AD2d 860 [1997]; Schlanger v Flaton, 218 AD2d 597, 603 [1995], lv denied 87 NY2d 812 [1996]). Here, in order for the continuous representation doctrine to apply with respect to Kendzia, it must be shown both that Parone continued to represent her and/or the partnership within the limitations period (see Melnitzky v Hollander, 16 AD3d 192 [2005]) and that the representation was on the very matter that is the subject of the malpractice action (see Shumsky v Eisenstein, 96 NY2d 164,

168 [2001]; *Glamm v Allen*, 57 NY2d 87, 94 [1982]; *Sommers v Cohen*, 14 AD3d 691, 692-693 [2005]; *Griffin v Brewington*, 300 AD2d 283, 284 [2002]). There is nothing in the record before us from which it might be concluded that Parone acted as attorney for Kendzia or the partnership with respect to the transaction at issue within three years prior to commencement of the action.

We have considered the remaining contentions of the parties and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Martoche, Smith and Hayes, JJ.