■ FREDERICK J. MANCHESKI, Respondent-Appellant, and DAVID M. PERLMUTTER, Respondent, v GABELLI GROUP CAPITAL PARTNERS, INC., Appellant-Respondent. [802 NYS2d 473]—

In a hybrid proceeding and action, inter alia, for a judicial dissolution or, in the alternative, for a judgment declaring that certain of the plaintiffs' shares of the defendant's stock are

"unrestricted and freely transferable," the defendant appeals from (1) so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered May 13, 2004, as denied those branches of its motion which were to dismiss the first cause of action asserted by the plaintiff David M. Perlmutter and to sever the second cause of action asserted by that plaintiff, (2) an order of the same court, also entered May 13, 2004, which denied its separate motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), and (3) an order of the same court entered August 26, 2004, which denied that branch of its motion which was to disqualify the law firm of Collier, Halpern, Newberg, Nolletti & Bock from representing the plaintiff Frederick J. Mancheski, and the plaintiff Frederick J. Mancheski cross-appeals from so much of the first order entered May 13, 2004, as granted that branch of the defendant's motion which was to disqualify the law firm of Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C., from representing him.

Ordered that the first order entered May 13, 2004, is affirmed insofar as appealed and cross appealed from; and it is further,

Ordered that the second order entered May 13, 2004, and the order entered August 26, 2004, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs, Frederick J. Mancheski and David M. Perlmutter, made significant financial investments in the defendant, Gabelli Group Capital Partners, Inc. (hereinafter the Gabelli Group) over 20 years ago. Perlmutter, in addition to being a shareholder, also served as counsel to the Gabelli Group for certain periods since the time of its incorporation, but has not represented the Gabelli Group during the past eight years. The plaintiffs commenced this action for dissolution of the Gabelli Group or, in the alternative, a declaration that certain shares of its capital stock held by them are not subject to restrictions. Mancheski and Perlmutter, respectively 78 and 65 years of age, allege that more than 20 years after making their initial investments to help Mario J. Gabelli start the fund, the Gabelli Group is acting to deprive them of their ability to recognize the fair market value of their shares, and that Gabelli used his control of the Gabelli Group to receive excessive compensation from a publicly-held subsidiary of the Gabelli Group.

Asserting violations of the attorney-client privilege based on Perlmutter's prior status as its counsel, the Gabelli Group moved, inter alia, to disqualify Mancheski's counsel, the firm of Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C. (hereinafter the Morvillo firm), which also represented Perlmutter, to dismiss the dissolution claim asserted by Perlmutter, and to

sever Perlmutter's declaratory judgment claim from that of Mancheski. We agree with the Supreme Court's determination to disqualify the Morvillo Firm, and to deny the other relief requested.

An attorney must preserve the confidences and secrets of a client (*see* Code of Professional Responsibility Canon 4). Moreover, it is incumbent upon the attorney to avoid even the appearance of professional impropriety (*see* Code of Professional Responsibility Canon 9; *Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631 [1998]; *Matter of Fleet v Pulsar Constr. Corp.*, 143 AD2d 187, 188-189 [1988]).

Disqualification of a party's chosen counsel, however, is a severe remedy which should only be done in cases where counsel's conduct will probably "taint the underlying trial" (*Morin v Trupin*, 728 F Supp 952, 957 [1989]; *see Board of Educ. of City of N.Y. v Nyquist*, 590 F2d 1241, 1246 [1979]). Therefore, "[a] party seeking to disqualify an attorney or a law firm, must establish (1) the existence of a prior attorney-client relationship and (2) that the former and current representations are both adverse and *substantially related*" (*Solow v Grace & Co.*, 83 NY2d 303, 308 [1994] [emphasis added; citations omitted]). Under such circumstances, the presumption of disqualification is irrebuttable (*id.* at 313). "Underlying this rule is the notion that an attorney, as part of his fiduciary obligation, owes a continuing duty to a former client . . . broader in scope than the attorney-client evidentiary privilege—not to reveal confidences learned in the course of a professional relationship. . . . To obtain disqualification of the attorney, the former client need not show that confidential information necessarily will be disclosed in the course of the litigation; rather *a reasonable probability of disclosure* should suffice" (*Greene v Greene*, 47 NY2d 447, 453 [1979] [emphasis added; citations omitted]). The defendant's submissions established that Perlmutter had significant involvement as counsel for the Gabelli Group in a wide range of matters, which are substantially related to issues raised in the pleadings, as well as the likelihood of disclosure of client confidences by Perlmutter to the Morvillo firm in its joint representation of the plaintiffs. Therefore, the Supreme Court's determination to disqualify the Morvillo Firm was proper (*see Ackerman v National Prop. Analysts, Inc.*, 887 F Supp 510, 517 [1993]), notwithstanding Perlmutter's insistence that he has not revealed, and has no intention of revealing, any client confidences (*see Doe v A Corp.*, 330 F Supp 1352, 1355 [1971], *affd sub nom. Hall v A. Corp.*, 453 F2d 1375 [1972]; *Fund of Funds, Ltd. v Arthur Andersen & Co.*, 567 F2d 225 [1977]). The

extreme remedy of dismissal of a claim brought by an attorney against it former employer, however, is not warranted in this case (*see Doe v A Corp.*, 709 F2d 1043 [1983]; *Hull v Celanese Corp.*, 513 F2d 568, 572 [1975]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Covello, JJ., concur.