■ BARRY MOSS et al., Appellants, v THOMAS H. MCKELVEY et al., Respondents. (Appeal No. 1.) [822 NYS2d 198]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered December 6, 2005. The order granted defendants' motion to vacate the note of issue and cer-

tificate of readiness for trial and denied without prejudice plaintiffs' motion for summary judgment or, in the alternative, for partial summary judgment on liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action alleging that defendants committed various acts of legal malpractice in their joint representation of both the buyer and the seller in a real estate transaction. In appeal No. 1, plaintiffs appeal from an order granting defendants' motion to vacate plaintiffs' note of issue and certificate of readiness for trial and denying without prejudice plaintiffs' motion for summary judgment on liability and damages or, in the alternative, for partial summary judgment on liability. In appeal No. 2, defendants appeal from an order granting plaintiffs' motion for leave to renew with respect to plaintiffs' motion in appeal No. 1 and, upon renewal, granting plaintiffs' motion insofar as it sought partial summary judgment on liability.

Addressing first the order in appeal No. 2, we conclude that Supreme Court erred in granting plaintiffs' motion for leave to renew inasmuch as plaintiffs failed to submit the requisite "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]; *see Boreanaz v Facer-Kreidler*, 2 AD3d 1481, 1482 [2003]). We therefore reverse the order in appeal No. 2 and address the merits of the order in appeal No. 1 (*see generally Brookview Homeowners' Assn. v Mark IV Constr. Co.*, 178 AD2d 967 [1991]).

We conclude that the court properly granted defendants' motion in appeal No. 1 because the record establishes that defendants' recently-retained attorney had told plaintiffs' attorney that he wished to depose plaintiffs prior to the filing of the note of issue and certificate of readiness (*see* 22 NYCRR 202.21 [e]; *see generally Simon v City of Syracuse Police Dept.*, 13 AD3d 1228 [2004], *lv dismissed* 5 NY3d 746 [2005]; *Shoop v Augst*, 305 AD2d 1016, 1017-1018 [2003]; *Aviles v 938 SCY Ltd.*, 283 AD2d 935 [2001]). The court also properly denied plaintiffs' motion for summary judgment because there is an issue of fact with respect to defendants' affirmative defense of the statute of limitations (*see generally Tavernier v Toner*, 159 AD2d 1011 [1990]). Although plaintiffs' claims against defendants accrued when the alleged malpractice was committed (*see McCoy v Feinman*, 99 NY2d 295, 301 [2002]; *Kanter v Pieri*, 11 AD3d 912, 912-913 [2004]), the three-year statute of limitations for legal malpractice set forth in CPLR 214 (6) would be tolled if the continuous representation doctrine were to apply (*see*

*Kanter*, 11 AD3d at 913). In that event, the statute of limitations would begin to run either upon formal severance of the representation on this matter or when the continuous representation doctrine ceased to apply (*see Aaron v Roemer, Wallens & Mineaux*, 272 AD2d 752, 754-755 [2000], *lv dismissed* 96 NY2d 730 [2001]; *Pittelli v Schulman*, 128 AD2d 600, 601 [1987]; *see generally Coyne v Bersani*, 61 NY2d 939, 940 [1984]). Because plaintiffs failed to establish as a matter of law that the statute of limitations had not expired, they are not entitled to summary judgment (*see generally Tavernier*, 159 AD2d 1011 [1990]).

Plaintiffs' additional contentions with respect to defendants' motion papers and plaintiffs' demand for attorney's fees and costs are not properly before us because they are raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]) and, in any event, those contentions are without merit. Present—Hurlbutt, J.P., Gorski, Martoche and Pine, JJ.