■ JAMES H. CATOR, Appellant, v NEIL J. BAUMAN et al., Respondents. [833 NYS2d 811]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered December 20, 2005. The order granted defendants' motions to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motions in part and reinstating the breach of contract cause of action and as modified the order is affirmed without costs.

Memorandum: When plaintiff decided to take an early retirement from his employer, he investigated rolling his pension over into a different type of investment. On the recommendation of defendant Neil J. Bauman, a broker for defendant Wall Street Financial Group, Inc., that plaintiff invest in a variable annuity, he purchased such an annuity on August 10, 1999 and, after suffering significant losses, he sold the annuity in February 2003. Plaintiff commenced this action in August 2005 seeking monetary damages. Supreme Court granted the respective motions of defendants to dismiss the complaint against them and, on appeal, plaintiff contends only that the court erred in granting those parts of the motions with respect to the breach of fiduciary duty, breach of contract and negligence causes of action. We conclude that the court properly dismissed the breach of fiduciary duty and negligence causes of action, but erred in dismissing the breach of contract cause of action.

In seeking dismissal of the complaint, each defendant asserted, inter alia, that the causes of action were time-barred (*see* CPLR 3211 [a] [5]). The statute of limitations for the breach of fiduciary duty cause of action is three years inasmuch as plaintiff seeks only monetary damages (*see Bouley v Bouley*, 19 AD3d 1049, 1051 [2005]; *Kaufman v Cohen*, 307 AD2d 113, 118 [2003]; *see generally Loengard v Santa Fe Indus.*, 70 NY2d 262, 266-267 [1987]). The statute of limitations for the negligence cause of action is also three years (*see* CPLR 214 [4]; *Chase Scientific Research v NIA Group*, 96 NY2d 20, 30-31 [2001]). The

complaint was filed over three years after any of the purported further acts or omissions by Bauman and, therefore, those causes of action are time-barred.

Inasmuch as the statute of limitations for the breach of contract cause of action is six years, that cause of action is not time-barred (*see* CPLR 213 [2]). Defendants, however, also sought dismissal of the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]), and the court concluded that plaintiff had failed to state a cause of action for breach of contract. That was error. Considering both the complaint and plaintiff's affidavit in opposition to the motions to dismiss the complaint (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]), we conclude that plaintiff sufficiently pleaded the requisite elements of a cause of action for breach of contract (*see Furia v Furia*, 116 AD2d 694, 695 [1986]). We therefore modify the order accordingly. Present—Scudder, P.J., Centra, Lunn, Peradotto and Pine, JJ.