■ TVGA ENGINEERING, SURVEYING, P.C., Respondent, v LAWRENCE J. GALLICK et al., Appellants. (Appeal No. 1.) [844 NYS2d 757]—Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered April 26, 2006. The order, insofar as appealed from, denied that part of defendants' motion to dismiss the complaint as barred by release.

Appeal and cross appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered May 17, 2006. The order granted defendants' motion to dismiss the complaint on the grounds that two causes of action were time-barred and the third cause of action was duplicative of one of the two causes of action.

It is hereby ordered that said cross appeal be and the same hereby is unanimously dismissed and the order is modified on the law by denying the motion in part and reinstating the breach of fiduciary duty cause of action insofar as it is based on events occurring after October 7, 2002 and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that, during the course of and subsequent to his representation of plaintiff, defendant Lawrence J. Gallick provided legal advice to a third party, Richard A. Lehr, that conflicted with and was detrimental to plaintiff's interests. Plaintiff further alleged that

defendants Saperston & Day, P.C. and Hiscock & Barclay, LLP, two law firms, are liable to it based on their vicarious liability for the acts of Gallick. Defendants moved to dismiss the complaint on the grounds that the action is barred by a release executed by plaintiff in a separate action commenced by it against Lehr; that the complaint is time-barred; and that the breach of contract and breach of fiduciary duty causes of action were duplicative of the legal malpractice cause of action.

In appeal No. 1, defendants appeal from an order insofar as it denied that part of their motion based on the release. By the order in appeal No. 1, Supreme Court had reserved decision on the remainder of defendants' motion and, in appeal No. 2, plaintiff appeals from an order granting those parts of defendants' motion seeking dismissal of the legal malpractice and breach of fiduciary duty causes of action as time-barred and dismissing the breach of contract cause of action as duplicative of the legal malpractice cause of action. Defendants cross-appeal from the order in appeal No. 2 to the extent that it may be interpreted as having denied their motion on other grounds. Inasmuch as defendants are not aggrieved by the order in appeal No. 2, their cross appeal from that order must be dismissed (*see* CPLR 5511; *Cataract Metal Finishing, Inc. v City of Niagara Falls*, 31 AD3d 1129, 1130 [2006]). We also note that plaintiff has not raised any issue concerning the court's dismissal of the breach of contract cause of action as duplicative of the legal malpractice cause of action and thus is deemed to have abandoned any contention concerning the propriety of that part of the order in appeal No. 2 (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Contrary to the contention of defendants in appeal No. 1, the court properly refused to dismiss the complaint as barred by the release executed by plaintiff. Pursuant to the terms of the "MUTUAL RELEASE AND SETTLEMENT AGREEMENT" with Lehr, plaintiff agreed to release its claims against, inter alia, Lehr, his agents and his legal representatives. In support of their motion, defendants contended that they were Lehr's "legal representatives" and thus were covered by the terms of the release. We agree with plaintiff that the term "legal representatives" is ambiguous inasmuch as its meaning is dependent upon the context in which it is used. For example, it is well settled that, in the insurance context, the term "legal representatives" refers generally to administrators or executors (*see generally New York Mut. Life Ins. Co. v Armstrong*, 117 US 591, 597 [1886]; *Sulz v Mutual Reserve Fund Life Assn.*, 145 NY 563, 574 [1895]; *Griswold v Sawyer*, 125 NY 411, 413-414 [1891]),

while, in the context of the Partnership Law, "[t]he term 'legal representative' . . . refers only to the administrator or executor of a deceased partner's estate" (*Juliano v Rea*, 89 AD2d 618 [1982]). "The phrase 'legal representative' . . . has lost much of its original distinctive force, and is now used to describe others than the representative of a deceased person . . . [The fact t]hat the meaning to be attached to them in any particular case is often controlled by the context, and the intent with which they are used, as well as by the existing state of things, and the relative situation of the parties to be affected, and that they may be and have frequently been employed as meaning alienee, devisee, grantee, heir, purchaser, successor, and others succeeding to the interest of the person with respect to whom the words are used, is shown in . . . numerous cases" (*Lindenberg Corp. v Howland*, 115 Misc 244, 247 [1921]).

Thus, we agree with plaintiff that, to the extent defendants rely on the term "legal representatives," they have failed to establish as a matter of law that the action against them is barred by the release (*see* CPLR 3211 [a] [1], [5]).

Although defendants also contended that they were covered by the terms of the release because, as Lehr's alleged attorneys, they were Lehr's agents, they raised that contention for the first time in their reply papers. Thus, the court properly disregarded that contention (*see Wal-Mart Stores, Inc. v United States Fid. & Guar. Co.*, 11 AD3d 300 [2004]; *Adler v Suffolk County Water Auth.*, 306 AD2d 229 [2003]), and we likewise decline to consider it (*see Whitley v Buffalo Mun. Hous. Auth.*, 34 AD3d 1368 [2006]).

To the extent that plaintiff may be deemed to contend in appeal No. 2 that the court erred in granting that part of defendants' motion seeking dismissal of the breach of fiduciary duty cause of action as time-barred insofar as it is based on events occurring after October 7, 2002, we agree. We therefore modify the order accordingly. "The statute of limitations for the breach of fiduciary duty cause of action is three years inasmuch as plaintiff seeks only monetary damages" (*Cator v Bauman*, 39 AD3d 1263, 1263 [2007]; *see Bouley v Bouley*, 19 AD3d 1049, 1051 [2005]; *see generally Loengard v Santa Fe Indus.*, 70 NY2d 262, 266-267 [1987]). Because that cause of action is based on facts and circumstances occurring within the requisite three-year period, it is not time-barred.

Although we are dismissing defendants' cross appeal from the order in appeal No. 2, we consider defendants' contention in appeal No. 2 as an alternative ground for affirmance of that part of the order dismissing the breach of fiduciary duty cause of ac-

tion (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-546 [1983]), i.e., that such cause of action was duplicative of the legal malpractice cause of action. Nevertheless, we reject that contention. It is well settled that, where the breach of fiduciary duty cause of action arises "from the same facts as the legal malpractice claim and allege[s] similar damages," the breach of fiduciary duty cause of action should be dismissed (*InKine Pharm. Co. v Coleman*, 305 AD2d 151, 152 [2003]; *see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [2004]; *Daniels v Lebit*, 299 AD2d 310 [2002]). A cause of action for legal malpractice must be based on "the existence of an attorney-client relationship at the time of the alleged malpractice" (*Tabner v Drake*, 9 AD3d 606, 609 [2004]), while a cause of action for breach of the fiduciary duty of an attorney extends both to current and former clients and thus is broader in scope than a cause of action for legal malpractice (*see Greene v Greene*, 47 NY2d 447, 453 [1979]; *Mancheski v Gabelli Group Capital Partners, Inc.*, 22 AD3d 532, 534 [2005]; *Forbush v Forbush*, 107 AD2d 375, 379 [1985]). As a result of an attorney's fiduciary duty, the attorney may not represent parties whose interests are adverse to the attorney's former clients in matters that are substantially related (*see generally Solow v Grace & Co.*, 83 NY2d 303, 308 [1994]).

In the complaint and the exhibits attached to it, plaintiff alleges that Gallick continued to provide legal advice to Lehr after the attorney-client relationship between plaintiff and Gallick ended and that such advice was adverse to plaintiff's interests in matters that were substantially related. Thus, to the extent that Gallick's representation of Lehr continued after Gallick's representation of plaintiff ceased, the cause of action for breach of fiduciary duty arises from facts that are separate and distinct from those that form the basis of the legal malpractice cause of action, and the breach of fiduciary duty cause of action is not duplicative of the legal malpractice cause of action.

Contrary to the further contention of plaintiff, however, we conclude that the court properly granted that part of defendants' motion seeking dismissal of the legal malpractice cause of action as time-barred. "A legal malpractice claim accrues 'when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court' " (*McCoy v Feinman*, 99 NY2d 295, 301 [2002]). The three-year statute of limitations for a legal malpractice cause of action pursuant to CPLR 214 (6) may be tolled while the attorney continues to represent the client on the same matter in which the malpractice is alleged to have occurred (*see Glamm v Allen*, 57 NY2d 87, 94 [1982];

*Greene v Greene*, 56 NY2d 86, 93-95 [1982]; *Amendola v Kendzia*, 17 AD3d 1105, 1108-1109 [2005]), but " 'there must be clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney' " for the continuous representation doctrine to apply (*Kanter v Pieri*, 11 AD3d 912, 913 [2004]; *see Amendola*, 17 AD3d at 1108-1109).

We conclude that plaintiff's legal malpractice cause of action accrued on December 6, 2001, when plaintiff's president signed the promissory note and became obligated to pay Lehr. At that point, all the facts necessary for a cause of action for legal malpractice had occurred. The complaint in this action was filed on October 7, 2005 and, unless the continuous representation doctrine applies, the cause of action for legal malpractice is untimely.

According to the complaint and attached exhibits, the attorney-client relationship between plaintiff and Gallick ended before the fall of 2000. Plaintiff contends, however, that the statute of limitations should be tolled for the entire period of time in which Gallick represented Lehr. Although plaintiff acknowledges that the continuous representation doctrine generally would not apply to the facts of this case, it urges this Court to expand the "traditional principles" of the continuous representation doctrine to apply the doctrine to this case. We decline to do so. The purpose of the continuous representation doctrine is to avoid jeopardizing a client's case and the attorney-client relationship during the time in which that relationship continues (*see Glamm*, 57 NY2d at 93-94). The Court of Appeals has specifically held that application of the continuous representation doctrine "is limited to situations in which the attorney who allegedly was responsible for the malpractice continues to represent the client [asserting the malpractice claim] in that case. When that relationship ends, for whatever reason, the purpose for applying the continuous representation rule no longer exists" (*id.* at 94). Inasmuch as the attorney-client relationship between plaintiff and Gallick ended more than three years before the action was commenced, the cause of action for legal malpractice was untimely.

Plaintiff alternatively contends that additional discovery is necessary with respect to the legal malpractice cause of action "to further develop the relationships" between the parties. We decline to address that contention because it is improperly raised for the first time on appeal (*see Bradley v Benchmark Mgt. Corp.*, 294 AD2d 879 [2002]; *Ciesinski*, 202 AD2d at 985). Contrary to the contention of plaintiff, its request for additional discovery in its motion papers was limited to issues concerning

the release. Present—Scudder, P.J., Martoche, Centra, Green and Pine, JJ.