| **Pramukhraj Group, LLC v Starr Surplus Lines Ins. Co.** |
|---|
| 2024 NY Slip Op 33931(U) |
| November 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650659/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**                                PART            **11M**

*Justice*

-----------------------------------------------------------------------------X

PRAMUKHRAJ GROUP, LLC

                            Plaintiff,

                     - v -

STARR SURPLUS LINES INSURANCE COMPANY,

                         Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650659/2024 |
| MOTION DATE | 07/08/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 34, 35, 36, 37, 38 were read on this motion to/for                         DISMISSAL                  .

This action arises out of an alleged breach of contract. Defendant now moves to dismiss the complaint, pursuant to CPLR §§ 3211(a)(1), (5) and (7). Plaintiff opposes the instant motion. For the reasons set forth below, the motion to dismiss is granted.

Standard of Review

When considering a motion to dismiss based upon CPLR § 3211(a)(7), the court must accept the alleged facts as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts alleged fit into any cognizable legal theory. *Leon v. Martinez*, 84 NY2d 83 [1994]. On a motion to dismiss the court "merely examines the adequacy of the pleadings", the court "accept as true each and every allegation made by plaintiff and limit our inquiry to the legal sufficiency of plaintiff's claim." *Davis v Boeheim*, 24 NY3d 262, 268

Under CPLR § 3211(a)(1) documentary evidence provides a basis for dismissing a cause of action "where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law." *Goshen v Mutual Life Ins. Co. of NY*, 98 NY2d 314, 326 [2002].

[* 1]

Discussion

Defendant contends that the instant action is time barred, based on the documentary evidence submitted, namely the insurance policy. NYSCEF Doc. 2. In support of this position, defendant cites to page 8 of the policy, that states in part "[n]o one may bring a legal action against us under this Coverage Part unless: […] [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." *Id*. Thus, defendant contends that plaintiff was required to bring this action by February 17, 2023, two years immediately following the loss incurred by plaintiff, on February 21. 2021.

In anticipation of plaintiff's arguments, defendant contends that there is no ambiguity in the policy, between the "Choice of Law and Choice of Venue" and the "Legal Action Against Us" provision. Specifically, choice-of-law and choice-of-venue, contains the following language, "any suit, action, or proceeding against the company for recovery of any claim under this Policy shall not be barred if commenced within the time prescribed in the statutes of the State of New York." Defendant avers that this language does not conflict with the specified two-year statute of limitations because the reference to the statutes of the State of New York should not be read to incorporate a specific statute, CPLR § 213, mandating a 6-year statute of limitations.

In support of this position, defendant cites to *Wal-Mart Stores, Inc. v United States Fid. & Guar. Co*. 11 AD3d 300 [1st Dept 2004], where the First Department held that a shorter statute of limitations was not invoked because it was not specifically mentioned or incorporated, unlike here where the statute of limitations was specified in another part of the contract.

Further, defendant contends that the section of the contract entitled "Conflict of Wording" provides specifically that "If there is conflict between the specific sections or

[* 2]

endorsements and general conditions in this POLICY, the conditions of the specific sections or endorsements shall prevail." Defendant contends that the specific provision of the contract is the provision that specifies the two-year statute of limitations, rather than the provision that generally refers to the statutes of the State of New York.

In opposition, plaintiff argues that defendant does not justify the argument that the Legal Action Against Us provision is a "specific" provision and the "statutes of the State of New York" language found in the "Choice of Law and Choice of Venue" provision is "general". Plaintiff further urges the Court to deny the motion and order discovery "to explain what the time prescribed in the statutes of the State of New York language means."

In reply, defendant argues that CPLR § 213 is not the only statute that relating to time to commence an action based on a contract and cites to the Insurance Law, thus reading the contract to include the limitation in CPLR § 213 would be unreasonable in light of another statute that relates to the statute of limitations.

Here, the Court agrees with the defendant that the underlying contract should be read as a whole to determine if there is ambiguity, (*see Universal Am. Corp. v. Nat. Union Fire Ins. Co. of Pittsburgh, PA*, 25 NY3d 675, 680 [2015]). The Court finds that the portion of the contract that is entitled "Property Coverage Form General Conditions" when read in conjunction with other portions of the contract that specify the terms in the general conditions documents, clears any ambiguity and reinforces the provision of the contract regarding conflict of wording, whereas here there need not be made reference to a New York State statute when the contract itself provides the specific statute of limitations.

The Court has reviewed the parties remaining contentions and finds them unavailing. Accordingly, it is hereby

ORDERED that the complaint is dismissed as it is time barred, and the Clerk of the Court shall enter judgment accordingly.

20241104155731LFRANK4D2A17B32C1244D4B744C7241F318628

| 11/4/2024 | | | LYLE E. FRANK, J.S.C. | |
|-----------|--|--|-----------------------|--|
| DATE | | | | |

CHECK ONE:   [X] CASE DISPOSED   [ ] NON-FINAL DISPOSITION

[X] GRANTED   [ ] DENIED   [ ] GRANTED IN PART   [ ] OTHER

APPLICATION:   [ ] SETTLE ORDER   [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:   [ ] INCLUDES TRANSFER/REASSIGN   [ ] FIDUCIARY APPOINTMENT   [ ] REFERENCE