■ NATIMIR RESTAURANT SUPPLY, LTD., et al., Respondents, v LONDON 62 COMPANY, Appellant, et al., Defendant.

The facts of this case, as relevant herewith, may be briefly stated. Plaintiff 1877 Broadway Restaurant Corporation, solely owned by Nathan Steinman, leased the first-floor and basement premises of 1877 Broadway from defendant landlord, London 62 Company, under a 10-year lease running from July 1, 1975 through June 30, 1985. Plaintiff held over, prompting an eviction action, which was settled by stipulation. Pursuant to the settlement agreement, plaintiff agreed to vacate by December 31, 1985.

When plaintiff requested Con Edison to terminate utility services which, pursuant to the lease, tenant was obligated to arrange and pay for on its own, Con Edison informed tenant that only the landlord could authorize termination of services, since the meter also measured electricity consumed in the common areas of the building. Three months after vacating the premises, plaintiff tenant and Natimir Restaurant Supply, Ltd., another corporation solely owned by Nathan Steinman and which assertedly paid the electric bills for the demised premises, commenced this action seeking compensatory damages against defendant landlord for their payment of the electricity consumed in the common areas of the building. Plaintiffs seek recovery on theories of breach of contract, unjust enrichment and fraud. (A claim of negligence was

asserted against Con Edison as well.) Defendant landlord answered, asserting, *inter alia,* the affirmative defense of Statute of Limitations. Defendant subsequently moved for summary judgment dismissal of the complaint, which was denied entirely.

Defendant's motion should have been granted to the extent of barring so much of the claims for breach of contract and unjust enrichment as seeks recovery for the alleged improper payments made prior to March 21, 1980, which date marks six years before this action was commenced. Breach of contract and unjust enrichment claims are governed by the six-year Statute of Limitations. (CPLR 213 [2] and [1], respectively.) Accordingly, under those theories of recovery, plaintiffs are barred from raising claims occurring more than six years before commencement of the action.

However, on the fraud cause of action, plaintiffs properly rely on CPLR 203 (f) and 213 (8), which permit commencement of a fraud cause of action within two years of discovery of the fraud. The facts herein permit no basis for arguing that plaintiffs could reasonably have discovered the improper billing any sooner.

Except as set forth above, the order appealed from is otherwise affirmed. Concur—Murphy, P. J., Carro, Asch, Kassal and Smith, JJ.