■ MICHAEL MELNITZKY, Appellant, v RONALD HOLLANDER, Respondent. [791 NYS2d 96]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 23, 2004, which granted defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, unanimously affirmed, without costs.

The causes of action for legal malpractice and breach of contract, which allege that defendant misrepresented that he would continue to advise plaintiff in the underlying action notwithstanding his formal withdrawal, were properly dismissed upon unrefuted evidence that the parties' last communication involving the subject matter of the representation occurred almost five years before the commencement of the action (CPLR 214 [6]; *see Shumsky v Eisenstein*, 96 NY2d 164, 166 [2001]). The causes of action for fraud and collusion are based on the same misrepresentation, and thus fail to state a cause of action (*see Weiss v Manfredi*, 83 NY2d 974, 977 [1994]). The continuous representation doctrine does not avail plaintiff absent allegations showing that defendant continued to represent plaintiff within the limitations period. Nor does the doctrine of equitable estoppel avail plaintiff absent allegations of any affirmative misrepresentations by defendant that caused plaintiff to refrain from timely filing an action after plaintiff became aware of defendant's alleged withholding of legal advice and collusion with defendant's adversary in the underlying action (*see Simcuski v Saeli*, 44 NY2d 442 [1978]). Concur—Tom, J.P., Andrias, Williams, Gonzalez and Catterson, JJ.