■ MICHAEL E. BRADY et al., Respondents, v JOHN MURRAY et al., Appellants, et al., Defendants. [815 NYS2d 823]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered January 11, 2006, which denied the motion by defendants Murray and 667 E. 187th St. to dismiss the complaint, unanimously affirmed, without costs.

It does not "conclusively appear" that plaintiffs "had knowledge of facts from which the fraud could reasonably be inferred" (*Trepuk v Frank,* 44 NY2d 723, 725 [1978]). In addition, the parties' sharply conflicting affidavits "preclude summary resolution of the statute of limitations issue" (*Saphir Intl., SA v UBS PaineWebber Inc.,* 25 AD3d 315, 316 [2006]).

Contrary to defendants' claim, the statute of limitations for a declaratory judgment action is not a flat six years under CPLR 213 (1) (*see Solnick v Whalen,* 49 NY2d 224, 229-230 [1980]). To the extent plaintiffs seek a declaration nullifying the April 8, 1998 transfer of real estate from plaintiff Adventurers to 667 E. 187 St., the 10-year statute of limitations (CPLR 212 [a]) would apply (*see Tok Hwai Koo v Koo Wine & Liq.,* 170 AD2d 360 [1991]).

Even though Adventurers was dissolved more than a year prior to commencement of this action, it is a proper plaintiff (*see* Business Corporation Law § 1006 [a] [4]; [b]; *Matter of 172 E. 122 St. Tenants Assn. v Schwarz,* 73 NY2d 340, 349 [1989]).

The argument that plaintiff Brady lacks standing because his claims belong to the corporate plaintiff is improperly raised for

the first time in the appellate reply brief (*see e.g. Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 626 [1995]), and we decline to consider it.

We have considered defendants' argument as to the applicability of Real Property Actions and Proceedings Law article 15 and find it unavailing. Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and McGuire, JJ.