■ Tony Huynh, Individually and as Assignee of Willow Garden Natural, Inc., Appellant, v Greene, Brian and Stern Partnership et al., Respondents. [824 NYS2d 635]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered December 8, 2005, which granted the motions pursuant to CPLR 3211 (a) by defendants Rita Greene and the partnership, and by defendant Frishwasser, to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff's cause of action for breach of contract was barred for any claims arising more than six years prior to commencement of the action (CPLR 213 [2]; *see Natimir Rest. Supply v London 62 Co.,* 140 AD2d 261 [1988]). That portion of the claim not barred by the statute of limitations nonetheless failed to state a cause of action in light of an unambiguous clause in the lease requiring plaintiff to pay 100% of the metered water charges billed for the entire building (*see Lake Constr. & Dev. Corp. v City of New York,* 211 AD2d 514 [1995]).

The fraud claims were properly dismissed as having been raised more than six years after the alleged occurrence. Plaintiff had knowledge of facts enabling him, with reasonable diligence, to infer defendant's fraud, and this action should have been commenced within two years of that discovery (*see generally Saphir Intl., SA v UBS PaineWebber Inc.,* 25 AD3d 315 [2006]; *K&E Trading & Shipping v Radmar Trading Corp.,* 174 AD2d 346 [1991]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ.