■ MARTIN DUBERSTEIN, Appellant, v NATIONAL MEDICAL HEALTH CARD SYSTEMS, INC., et al., Respondents. [829 NYS2d 95]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered January 3, 2006, which, inter alia, granted defendants' motion to dismiss the complaint as untimely, unanimously affirmed, with costs.

In this action alleging the 1991 wrongful seizure and sale of plaintiff's stock in satisfaction of a judgment, plaintiff was not entitled to the remedy of equitable estoppel since he failed to allege affirmative conduct by defendants that induced his reasonable reliance and prevented him from commencing this action within the applicable limitations period (*see Zumpano v Quinn*, 6 NY3d 666, 674, 677 [2006]). Moreover, equitable estoppel was unavailable because the claimed misrepresentation or concealment was not separate and distinct from the acts underlying the action itself (*see Rizk v Cohen*, 73 NY2d 98, 105-106 [1989]; *Kaufman v Cohen*, 307 AD2d 113, 122 [2003]). There was no issue of fact as to whether plaintiff was on notice of the alleged fraud as of 2001, more than two years before he commenced this action, so he was not entitled to the benefit of a discovery accrual with respect to the fraud and breach of fiduciary duty claims (*see Huynh v Greene, Brian & Stern Partnership*, 34 AD3d 363 [2006]; *compare Mitschele v Schultz*, 36 AD3d 249. [2006]; *Brady v Murray*, 30 AD3d 186 [2006]). The untimeliness of all of the proposed amended complaint rendered it "palpably insufficient as a matter of law" (*see Thompson v Cooper*, 24 AD3d 203, 205 [2005]). Concur—Mazzarelli, J.P., Andrias, Marlow, Buckley and McGuire, JJ.