■ WHALE TELECOM LIMITED, Appellant, v QUALCOMM INCORPORATED et al., Respondents. [839 NYS2d 726]—

Judgments, Supreme Court, New York County (Herman Cahn, J.), entered March 24, 2006, March 27, 2006 and April 6, 2006, dismissing the complaint as untimely, unanimously affirmed, with costs.

The motion court correctly applied the three-year Russian limitations period pursuant to the borrowing statute (CPLR 202), since the economic impact of the alleged tortious conduct was in Russia (*see Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525, 528-529 [1999]). There was an ample showing that the business of the parties and plaintiff's efforts all took place in Russia and the former Soviet republics. The court providently exercised its discretion in also considering defendants' expert affidavit in reply, which was directly responsive to plaintiff's opposition argument (*see Tsadilas v Providian Natl. Bank*, 13 AD3d 190, 192 [2004], *lv denied* 5 NY3d 702 [2005]). Based on the allegations of the complaint and the clear documentary evi-

dence, the court properly concluded that plaintiff knew or had reason to know of defendants' allegedly wrongful conduct more than three years before commencing the action. Contrary to plaintiff's contention, there was no basis alleged for precluding assertion of the limitations defense, since plaintiff failed to set forth any specific conduct that would have prevented it from bringing this action in timely fashion (*see Zumpano v Quinn*, 6 NY3d 666, 674-675 [2006]; *Melnitzky v Hollander*, 16 AD3d 192 [2005], *lv denied* 5 NY3d 710 [2005]). The alleged fraudulent representation asserted as a basis for equitable estoppel is insufficient for that purpose, since it is part and parcel of the alleged underlying fraud (*see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 491 [2007]; *Zumpano*, 6 NY3d at 675; *Duberstein v National Med. Health Card Sys., Inc.*, 37 AD3d 209 [2007]).

Although it opined on the other grounds urged for dismissal, the motion court properly recognized that its dismissal on timeliness grounds rendered those alternative grounds academic. It is unnecessary to address the court's dicta. Concur—Tom, J.P., Andrias, Sweeny, McGuire and Kavanagh, JJ.