■ SERINA L. ROSS, Appellant, v KOHL'S DEPARTMENT STORES, INC., Respondent. [882 NYS2d 911]—

In an action to recover damages for defamation, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Baisley, J.), entered September 4, 2008, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and 215 (3), on the ground that the statute of limitations had expired, and (2) a judgment of the same court dated October 2, 2008, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and 215 (3), on the ground that the statute of limitations had expired is denied, the complaint is reinstated,

and the order entered September 4, 2008, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of final judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court erred in granting the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and 215 (3) on the ground that the statute of limitations had expired. The alleged libelous statement was published by the defendant in 2000 when it forwarded a report regarding the plaintiff to USIS, a reporting agency that provides background information to employers, thereby communicating the information to a third party (*see Gregoire v Putnam's Sons,* 298 NY 119 [1948]). The report generated by USIS in 2006 and provided to the plaintiff's employer was a republication, as it was a separate and distinct publication from the original that was intended to, and actually did, reach a new audience (*see Rinaldi v Viking Penguin,* 52 NY2d 422, 433-435 [1981]). Accordingly, the alleged libelous material was republished and the statute of limitations began to run anew from the time of the republication. This action was timely commenced within one year from the republication and, therefore, the motion should have been denied.

The defendant's remaining contention is without merit. Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.