■ HARSHARAN SETHI, Appellant, v DEBORAH MORRISSEY et al., Respondents. [961 NYS2d 809]—

In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered February 9, 2012, which granted the defendants' motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly directed dismissal of the complaint as time-barred (*see* CPLR 3211 [a] [5]). The statute of limitations for an action to recover damages for defamation is one year (*see* CPLR 215 [3]), measured from the date of publication of the allegedly defamatory statement (*see Ross v Kohl's Dept. Stores, Inc.*, 65 AD3d 540, 541 [2009]; *E.B. v Liberation Publs.*, 7 AD3d 566, 567 [2004]). The plaintiff did not commence the instant action until approximately 18 months after the publication of the challenged statement. Moreover, the complaint did not allege misleading conduct on the part of the defendants upon which the plaintiff could have reasonably relied to delay commencement of the action, so as to equitably estop the defendants from asserting the bar of the statute of limitations (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 141 [2009]; *Zumpano v Quinn*, 6 NY3d 666, 674-675 [2006]; *Reiner v Jaeger*, 50 AD3d 761, 762 [2008]; *Duberstein v National Med. Health Card Sys., Inc.*, 37 AD3d 209, 210 [2007]; *Teneriello v Travelers Cos.*, 226 AD2d 1137, 1138 [1996]; *Jordan v Ford Motor Co.*, 73 AD2d 422, 424 [1980]).

In view of the foregoing, we need not consider the parties' remaining contentions. Mastro, J.P., Rivera, Chambers and Miller, JJ., concur.