14-1594-cv
*Shiflett v. Scores Holding Co.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand fifteen.

PRESENT:   AMALYA L. KEARSE,
                    DEBRA ANN LIVINGSTON,
                    SUSAN L. CARNEY,

                    *Circuit Judges*.

―――――――――――――――――――――――――――――――――――――

ELIZABETH SHIFLETT,

             *Plaintiff-Appellant*,

                    v.                                                    No. 14-1594-cv

SCORES HOLDING COMPANY, INC.,

             *Defendant-Appellee*.

―――――――――――――――――――――――――――――――――――――

FOR APPELLANT:               Matthew J. Blit, Levine & Blit, PLLC, New York, NY.

FOR APPELLEE:                 Neal S. Greenfield, Esq., New York, NY.

―――――――――――――――――――――――――――――――――

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and

**DECREED** that the judgment of the district court is **AFFIRMED**.

1

Plaintiff-Appellant Elizabeth Shiflett appeals from a final judgment entered pursuant to a decision by the United States District Court for the Southern District of New York (Buchwald, *J.*) granting summary judgment to Defendant-Appellee Scores Holding Company, Inc. ("Scores Holding") in her action alleging unlawful treatment based upon sex and race, and retaliation, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law. § 290 *et seq.*, and New York City Human Rights Law, N.Y. City Admin. Code § 8-101 *et seq.*

Beginning on or about October 2007 until March 2008, Shiflett worked as a cocktail waitress at a club known as Scores West Side ("Scores West"), owned by Go West Entertainment Inc. ("Go West"), which was dissolved by proclamation on July 28, 2010, after a bankruptcy proceeding. She alleges that while working at Scores West she was harassed by her manager and other employees based upon her sex and race, and that after she complained about this conduct, she was terminated in retaliation. Shiflett brought this action against Scores Holding, a company related to Go West, on June 14, 2013. Scores Holding filed a motion for summary judgment on the ground that it was not her employer for purposes of Title VII. The district court granted summary judgment to Scores Holding on Shiflett's Title VII claims, and exercised its discretion to dismiss her state law claims without prejudice. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews a district court's grant of summary judgment *de novo*. *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000), "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). "A dispute is not 'genuine' unless 'the evidence is such that a

2

reasonable jury could return a verdict for the nonmoving party.'" *Nabisco*, 220 F.3d at 45 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Because, to the extent relevant here, Title VII makes it unlawful "for an *employer* . . . to discriminate," 42 U.S.C. § 2000e-2(a)(1) (emphasis added), "the existence of an employer-employee relationship is a primary element of Title VII claims." *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006). Ordinarily, "a corporate entity is liable for the acts of a separate, related entity only under extraordinary circumstances." *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996). In the context of Title VII, there are two "recognized doctrines that enable an employee in certain circumstances to assert employer liability against an entity that is not formally his or her employer." *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 197 (2d Cir. 2005). These doctrines are known as the "single employer" doctrine, and the "joint employer" doctrine. *Id.*

Under the single employer doctrine, "separate corporations under common ownership and management . . . can be deemed to constitute a single enterprise." *Id.* at 198. This Circuit examines four factors in order to assess whether two nominally distinct entities are actually a single employer: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240-41 (2d Cir. 1995) (internal quotation marks omitted). "Although no one factor is determinative[,] control of labor relations is the central concern." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 227 (2d Cir. 2014) (internal quotation marks omitted).

Under the joint employer doctrine, an entity other than an employee's formal employer can be held liable not because it is part of a "single integrated enterprise," but rather because the two entities "handle certain aspects of their employer-employee relationship jointly." *Arculeo*, 425 F.3d at 198 (internal quotation marks omitted). Under the joint employer doctrine, a court

3

may conclude that "the employee is . . . constructively employed by" the defendant. *Id.* While we have not yet "fully . . . described a test for what constitutes joint employment in the context of Title VII," *id.* at 199 n.7, factors courts have used to examine whether an entity constitutes a joint employer of an individual include "commonality of hiring, firing, discipline, pay, insurance, records, and supervision," *see, e.g.*, *St. Jean v. Orient-Express Hotels Inc.*, 963 F. Supp. 2d 301, 308 (S.D.N.Y. Aug. 7, 2013) (internal quotation marks omitted).

After conducting an independent review of the record and the case law, we conclude that the district court properly determined that Shiflett has not raised a material issue of fact as to whether Scores Holding can be deemed her employer for purposes of Title VII under either the single employer doctrine or the joint employer doctrine. While there is evidence that Scores Holding and Go West had common ownership, the district court correctly concluded that this is the only factor of the single employer test weighing in Shiflett's favor. Even when viewing the evidence in the light most favorable to Shiflett and making all reasonable factual inferences in her favor, there is insufficient evidence to support a finding of the existence of any of the other factors, common management, interrelation of operations, and centralized control of labor relations.

Critically, none of the evidence indicates that Scores Holding controlled labor relations at Scores West. For example, Shiflett refers to a printout from Scores Holding's website from October 27, 2006 as evidence that Scores Holding exerted control over hiring decisions at Scores West. The website showed that Scores Holding offered assistance to clubs using the Scores brand in attracting and training personnel. It would not be reasonable, however, to infer from that website that Scores Holding actually exerted control over personnel decisions for those clubs. Another piece of evidence highlighted by Shiflett is that she was given an employee handbook that included the address and phone number for Scores Holding, which were the same

4

address and phone number that belonged to Go West. Yet nothing in the handbook beyond the mere listing of Scores Holding's contact information indicated that Scores Holding exerted any influence regarding labor relations at Scores West. Shiflett also highlights deposition testimony given in a prior case by John Neilson, the then-director and president of Scores Holding. **[A 216]** He testified that Richard Goldring, the individual who managed Scores West **[A 220]**, would "from time to time ask [his] advice on certain matters" related to Scores West. Jt. App'x 221. When asked to give examples of the topics they spoke about, however, he explained that his advice concerned questions such as "[s]hould we make this invitation red or blue, should I talk to this person about doing a promotion, how can I make the club more profitable, how can I deal with competitive issues, things like that." Jt. App'x 221. But since in that deposition, Neilson testified that he exercised no control over management or personnel decisions at Scores West, it would not be reasonable to infer that he managed Scores West or exerted control over labor relations at Scores West.

In sum, none of the evidence in this case is akin to "handling job applications, approving personnel status reports, [or] exercising veto power over major employment decisions," activities which we have held to constitute evidence of centralized control of labor relations. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 341 (2d Cir. 2000). When taking into account the weakness of Shiflett's case regarding the other factors in the "single employer" test, it was proper for the district court to conclude that Shiflett has not raised a genuine issue of material fact regarding whether Scores Holding can be deemed Shiflett's employer under this test.

The same deficiencies in the evidence render Shiflett incapable of demonstrating that there is a genuine issue of material fact regarding whether Scores Holding can be held liable under the joint employer doctrine. As the district court explained, Shiflett does not allege that she was hired, fired, or managed by an employee of Scores Holding. Nor is there evidence of

5

any insurance or other records pertaining to Shiflett held by Scores Holding. Shiflett acknowledges that Go West was the payor on her checks. Further, while Scores Holding and Scores West did share a corporate office, that was not the location at which Shiflett worked.

We have considered each of Shiflett's arguments on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk