Srivatsa v Rosetta Holdings LLC (2023 NY Slip Op 00833)

Srivatsa v Rosetta Holdings LLC

2023 NY Slip Op 00833

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Kern, Singh, Scarpulla, JJ. 

Index No. 651476/21 Appeal No. 17308-17309 Case No. 2021-04106 2021-04107 

[*1]Prasanna Srivatsa, Plaintiff-Appellant,
v
Rosetta Holdings LLC et al. Defendants-Respondents. 

Rottenberg Lipman Rich, P.C., New York (Richard E. Rosberger of counsel), for appellant.
Cooley LLP, New York (Philip M. Bowman of counsel), for Rosetta Holdings LLC, Kirill Gelman, Adam Dix, Eric Levine and Alex Shleimovich, respondents.
Zukerman Gore Brandeis & Crossman, LLP, New York (Ted Poretz of counsel), for Katten Muchin Rosenman LLP, respondent.

Judgment, Supreme Court, New York County (Jennifer Schecter, J.), entered October 21, 2021, dismissing the complaint, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered on or about October 5, 2021, which granted the CPLR 3211(a)(1) and (7) motions of defendants Rosetta Holdings LLC (Rosetta), Kirill Gelman, Adam Dix, Eric Levine, and Alex Shleimovich (collectively with Rosetta, the Rosetta defendants), and Katten Muchin Rosenman LLP (KMR) to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court correctly dismissed the breach of contract claim because the Amended and Restated Contribution Agreement demonstrated that the parties had reached, at most, an unenforceable agreement to agree (see Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]; Argent Acquisitions, LLC v First Church of Religious Science, 118 AD3d 441, 443 [1st Dept 2014]). The claim arose from an alleged November 2019 oral agreement between plaintiff and defendants Gelman and Rosetta for an unconditional 1/6 share of Rosetta, yet the Amended and Restated Contribution Agreement shows that months after the alleged agreement, the parties had not reached a finalized, enforceable agreement on the terms of each party's ownership interests in Rosetta or each individual's ultimate share of Rosetta's liabilities, and had not yet determined who, other than Gelman, would be an LLC member.
Plaintiff's central claim here, that he was granted an "equity interest" entirely distinct from a "membership interest" in Rosetta, is unavailing. Initially, such claim does not appear in the complaint and contradicts plaintiff's allegation therein that he signed an employment agreement pursuant to which nonparty GTS Securities LLC was prohibited from firing him as long as he "remains" a Rosetta member (see Schuit v Tree Line Mgt. Corp., 46 AD3d 405, 406 [1st Dept 2007]; LeBreton v Weiss, 256 AD2d 47, 47-48 [1st Dept 1998]). Additionally, plaintiff's assertion that the agreement's allocable percentage provisions have "no application to his equity interest," contradicts the claims he made in his submissions to the motion court that the contribution agreements supported his claims to that "equity interest."
Plaintiff's citation to the Rosetta LLC Agreement's differentiation between "Interest Holders" and "Members," and section 18-702(d) of the Delaware Limited Liability Company Act's (LLC Act) reference to the assignee of an LLC interest who has no liability as an LLC member, are unavailing. Plaintiff neither alleges nor attests that defendants agreed he would be an "Interest Holder" in Rosetta. Furthermore, plaintiff's assertion that his status as a nonmember equity stakeholder in Rosetta was a status he could enjoy indefinitely is contradicted by section 18-702(d) of the LLC Act which, like the Amended and Restated Contribution Agreement, expressly concerns only an interim period before [*2]and "until" an assignee of an LLC interest "becomes a member."
The court correctly dismissed the promissory estoppel claims as plaintiff failed to allege a clear and unambiguous promise (see MaitlinPatterson ATA Holdings LLC v Federal Express Corp., 87 AD3d 836, 841-842 [1st Dept 2011], lv denied 21 NY3d 853 [2013]). Additionally, the unjust enrichment claim was properly dismissed on the ground that the individual defendants' alleged receipt of the equity interest cannot have been against equity and good conscience given that the alleged agreement as to the equity interest was unenforceable (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]). To the extent plaintiff advances new arguments as to those claims in his reply brief, and provides additional arguments about the constructive trust claim not addressed in his opening brief, we do not entertain them (see Cassidy v Highrise Hoisting & Scaffolding, Inc., 89 AD3d 510, 511 [1st Dept 2011]; Brady v Murray, 30 AD3d 186, 186-187 [1st Dept 2006]).
The fraud-based claims against the Rosetta defendants were correctly dismissed because plaintiff failed to allege facts to show that defendants made statements with a present intention that they would not be carried out (see Healthwave Inc. v New York Socy. for the Relief of the Ruptured & Crippled Maintaining the Hosp. for Special Surgery, 99 AD3d 494, 494 [1st Dept 2012]). Plaintiff refers to his affidavit in which he states that Gelman offered him a 1/6 interest in Rosetta and told him what such interest was worth. However, he points to no facts in the complaint or his affidavits to support that when such alleged statements were made, they were made with the intention that they would not be carried out. Plaintiff's assertion that his fraud claim also arises from Gelman's misrepresentations about having retained defendant KMR to represent plaintiff is unavailing as his affidavit states that Gelman told him that he had retained KMR to represent "all of us."
The claims against KMR were also correctly dismissed. Plaintiff cites no authority to support his contention that KMR became his counsel, as opposed to Rosetta's counsel, by convening group meetings to which he was invited and listening to his input at such meetings. His claim that KMR added paragraph 11 to the Amended and Restated Contribution Agreement because it knew that it had, up to that point, created the impression of an attorney-client relationship with him, is entirely speculative.
Plaintiff offers no support for his conclusory assertions that KMR affirmatively led him to believe that it represented him individually or that it knew he regarded KMR as his counsel yet took no steps to correct his misconception (see Jane St. Co. v Rosenberg & Estis, 192 AD2d 451 [1st Dept 1993], lv denied 82 NY2d 654 [1993]). Plaintiff's assertions show that, at most, he harbored the unilateral belief KMR was his individual counsel, but he alleges no facts showing KMR took steps to foster that [*3]belief, or knew that he held such belief, such that it would have been prompted to disabuse him. Plaintiff argues in his reply brief that he "asked [KMR] for personalized advice, including on his individual bonus, which he expected [KMR] to act upon." However, the paragraph in his affidavit that he cites in support describes no such request for "personalized advice," and simply describes group meetings plaintiff attended where such matters as the "Rosetta bonus pool" was discussed with KMR. Further, he furnishes no legal authority to buttress his claim that the contractual notice provisions can adequately support his claims against KMR, and, to the extent Gelman falsely told him that KMR was representing him, he does not show why KMR should be accountable for such alleged misrepresentation.
Finally, any observations by the court at oral argument concerning plaintiff's level of sophistication did not bear on its ultimate decision. Plaintiff's argument that he should have been granted an opportunity to amend the complaint is unavailing, as he did not request such relief (see Fowler v Indymac Bank, FSB, 176 AD3d 682, 684 [2d Dept 2019], lv denied 35 NY3d 901 [2020], cert denied — US —, 141 S Ct 335 [2020]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023