**Collazo v Triumph Constr. Corp.**

2024 NY Slip Op 33514(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 653737/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO                     PART          33M

_Justice_

-----------------------------------------------------------------X

JOSE COLLAZO, JR., on behalf of himself and all others similarly situated,

|  |  |
|---|---|
| INDEX NO. | 653737/2023 |
| MOTION DATE | 01/03/2024 |
| MOTION SEQ. NO. | 001 |

Plaintiff,

- v -

TRIUMPH CONSTRUCTION CORP., CARLO CUZZI

**DECISION + ORDER ON MOTION**

Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion to/for                          DISMISS                          .

Upon the foregoing documents, Defendants Triumph Construction Corp. ("Triumph") and Carlo Cuzzi's ("Mr. Cuzzi") motion to dismiss Plaintiff Jose Collazo Jr.'s ("Plaintiff") Complaint is granted in part and denied in part.

## I.     Background

This is an action for unpaid wages under the New York Labor Law. Triumph is involved in the construction business. Plaintiff was allegedly employed by Triumph from November 2016 until February 20, 2018. Although Plaintiff was employed by Triumph, he was allegedly paid by a company named Rosedale Supply Co., LLC ("Rosedale"). Plaintiff alleges that Triumph and Rosedale were both owned and controlled by Mr. Cuzzi and were alter egos. Allegedly, Rosedale was dissolved in June of 2019 and all its assets, equipment, workers and supervisors were transferred to Triumph.

Plaintiff claims that while employed, Triumph was awarded publicly financed projects which required Triumph to pay Plaintiff a prevailing rate of wage and supplemental benefits, yet Triumph

[* 1]

INDEX NO. 653737/2023

RECEIVED NYSCEF: 09/30/2024

failed to do so. Plaintiff also was employed on jobs contracted by Con Edison which required payment of union wage rates or supplements, yet Plaintiff was not paid those rates. Plaintiff further alleges that he was not paid for all hours worked and for overtime. Plaintiff now brings a class action on behalf of himself and all others similarly situated. He alleges breach of contract based on Defendants' failure to pay the prevailing wages and supplemental benefits. Plaintiff also asserts violations of the New York Labor Law for failure to pay wages for hours worked and overtime. Plaintiff further alleges wage notice and wage statement violations under the Labor Law.

Defendants move to dismiss arguing that Plaintiff's claims are time barred and fail to state a claim. Defendants argue that because Plaintiff's Labor Law and breach of contract claims are subject to a six-year statute of limitations, and Plaintiff did not commence this action until July 23, 2023, any breach of contract claim or Labor Law claim that accrued before December 7, 2016 are time-barred. Defendants argue that Plaintiff has failed to allege sufficient facts to allege that Triumph was his employer, and therefore his claims must be dismissed pursuant to CPLR 3211(a)(7). Defendants also take issue with vague allegations regarding the contracts they allegedly breached and claim that Plaintiff has failed to state an injury arising from the alleged wage notice and wage statement violations. Finally, Defendants argue that Plaintiff has failed to allege adequately the prerequisites to state a putative class action.

Plaintiff filed partial opposition. Plaintiff concedes that his claim for unpaid wages, overtime, and statutory violations that occurred before December 7, 2016 are time-barred. Therefore, these claims are dismissed. However, Plaintiff maintains that he has adequately alleged Labor Law violations after December 7, 2016, and that he may maintain his breach of contract claims based on the continuing wrong doctrine. Plaintiff further argues that he has sufficiently pled facts that Triumph was his employer based on the single and joint employer doctrines, and that his pleadings

[* 2]

satisfy the liberal pleading standards for stating a breach of contract claim. Plaintiff similarly asserts that he has alleged adequate facts to state a putative class action.

In reply, Defendants argue that the continuing wrong doctrine does not apply because the alleged breach here is a singular wrong, namely failing to set Plaintiff's salary at a prevailing wage. Defendants further argue the breach of contract claims are too conclusory. Defendants argue the allegations of any employment relationship fail because there are no facts that Triumph exercised control over Plaintiff. Finally, Defendants argue it is impossible for Plaintiff to allege adequately a putative class action as it is impossible for there to be common legal and factual issues given how broadly the class is defined.

## II.  Discussion

### A.  Statute of Limitations

A defendant who moves to dismiss based on the statute of limitations bears the initial burden of proving that the time to sue has expired (*Lebedev v Blavatnik*, 144 AD3d 24 [1st Dept 2022]). The statute of limitations for breach of contract is six years (*Huynh v Greene, Brian and Stern Partnership*, 34 AD3d 363 [1st Dept 2006]). However, the continuing wrong doctrine may extend the statute of limitations where the contract imposes a continuing duty on the breaching party (*Henry v Bank of America*, 147 AD3d 599 [1st Dept 2017]).

Crucial to the application of this doctrine is whether there are continuing unlawful acts or merely a single breach that has continuing effects (*CWCapital Cobalt VR Ltd. v CWCapital Investments LLC*, 195 AD3d 12 [1st Dept 2021]). Thus, where there was an alleged breach of contract was based upon a series of unauthorized transfers, the continuing wrong doctrine tolled the statute until the last alleged transfer was made (*Marcal Finance SA v Middlegate Securities Ltd.*, 203 AD3d 467 [1st Dept 2022]). So too here it is alleged there exist numerous contracts under

**653737/2023  COLLAZO JR., JOSE vs. TRIUMPH CONSTRUCTION CORP. ET AL**  **Page 3 of 8**
Motion No.  001

[* 3]

which Defendants failed to pay Plaintiff the prevailing/union wage. Just as in *Marcal* each transfer of funds constituted a continuing wrong, so too here does the issuance of each paycheck with an unauthorized wage constitute a continuing wrong. Further, as Plaintiff alleges he worked on various worksites for Defendants until his termination in 2018, it can be inferred that there were breaches flowing from improperly paid wages and improperly provided benefits up until the end of Plaintiff's employment, making the breach of contract claim timely. Simply put, Defendants have not met their initial burden on this pre-answer motion to dismiss of showing that Plaintiff's time to sue for breach of contract has expired. Therefore, this portion of the motion to dismiss is denied without prejudice. Upon a more fully developed record, Defendants may renew their application.

### B. Failure to State a Claim

#### i. Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). Conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

**653737/2023 COLLAZO JR., JOSE vs. TRIUMPH CONSTRUCTION CORP. ET AL**
Motion No. 001

**Page 4 of 8**

4 of 8

[* 4]

### ii.    Defendants as Plaintiff's Employer

Defendants' argument that Plaintiff failed to allege that Defendants were his employer is without merit. Accepting the allegations as true, Plaintiff alleges that although he received paychecks from Rosedale, Plaintiff reported to work each day at premises owned by Triumph. Moreover, Plaintiff alleges that Cuzzi exercised control over Rosedale and Triumph, that Rosedale and Triumph shared workers and were joint venturers on projects, and that Rosedale has ceased to exist and transferred all assets and equipment to Triumph. Plaintiff in essence alleges that Rosedale and Triumph are the same company, but Rosedale was utilized as a "front" so that Mr. Cuzzi and Triumph could profit from public contracts while underpaying laborers through Rosedale.

As stated by the Second Circuit, there are four factors which may be utilized to determine whether two nominally distinct entities are a single employer: (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." (*Shiflett v Scores Holding Co.*, 601 Fed.Appx. 28, 30 [2d Cir 2015]). Here, Plaintiff \alleged an interrelation of operations as the two companies shared equipment and laborers, and laborers paid by Rosedale were told to report to Triumph. Likewise, there was common ownership and common management as both companies were owned by Mr. Cuzzi. While it is not clear whether there was centralized control of labor relations, as three factors weigh in favor of finding the two entities constitute a single employer, there is at a minimum an issue of fact whether Rosedale and Triumph are a single employer. Thus, for purposes of this pre-answer motion to dismiss, Plaintiff alleged Defendants were his employer.

### iii.    Breach of Contract

Defendants' motion to dismiss Plaintiff's breach of contract claim is denied. Here, Plaintiff alleges the existence of an employment contract between himself and Defendants, and numerous

653737/2023   COLLAZO JR., JOSE vs. TRIUMPH CONSTRUCTION CORP. ET AL
Motion No. 001

Page 5 of 8

5 of 8

[* 5]

public works and public utilities contracts of which he was an intended third-party beneficiary. Moreover, Plaintiff alleges those contracts were breached due to Defendants' failure to pay him the wages and benefits he was entitled to pursuant to the terms of those contracts (*see, e.g. Baxter v LPI, Inc.*, 227 AD3d 583 [1st Dept 2024] [plaintiff stated claim for breach of employment contract where he alleged existence of contract, his performance under the contract, defendants' breach by failure to pay plaintiff, and resulting damages]).

While Defendants claim Plaintiff's allegations are too vague and conclusory to state a claim for breach of contract, Plaintiff has provided the dates of his employment and the scope of numerous contracts – including public works contracts and contracts with Con Ed, which he is alleging breaches of as a third-party beneficiary. For purposes of a pre-answer motion to dismiss, this is sufficient, with further specifics as to the details of Plaintiff's claim left for discovery (*see, e.g. CSC Holdings, LLC v Samsung Electronics America, Inc.*, 192 AD3d 556 [1st Dept 2021] [finding plaintiff stated breach of contract claim after affording plaintiff every possible favorable inference and taking allegations as true]).

### iv. NYLL § 195 Claims

Defendants' motion to dismiss Plaintiff's NYLL § 195 claims is denied. Although Defendants argue that Plaintiff has failed to allege how he was damaged as a result of Defendants' alleged violations of NYLL § 195, this is without merit. Accepting the facts as true and granting Plaintiff all favorable inferences which can be drawn from the Complaint, it can be inferred from that had Plaintiff been provided an accurate and adequate wage notice and wage statement pursuant to NYLL § 195, he would have been paid the wages he was allegedly entitled to in a timely manner (*see, e.g. Renaud v Bedford-Carp Const. Inc.*, 221 AD3d 739 [2d dept 2023]).

653737/2023   COLLAZO JR., JOSE vs. TRIUMPH CONSTRUCTION CORP. ET AL
Motion No. 001

Page 6 of 8

**v.       Class Action Allegations**

Defendants' motion to dismiss Plaintiff's putative class action allegations is also denied. As there may be numerous other laborers who may have similar if not identical claims to Plaintiff based on Defendants' alleged business practices, Plaintiff has adequately alleged the superiority of maintaining a class action. Moreover, Plaintiff has sufficiently alleged numerosity as Defendants employed at least 40 individuals (*Chua v Trim-Line Hitech Const. Corp.* 225 AD3d 565 [1st Dept 2024]). For purposes of a pre-answer motion to dismiss, Plaintiff has sufficiently alleged commonality (*Dabrowski v Abax Inc.*, 84 AD3d 633 [1st Dept 2011] [commonality and typicality element satisfied based on allegations of employer's practice of underpaying wages]). To the extent Defendants' dispute the feasibility of the proposed scope of the class, that issue is better suited for a motion to maintain a class action rather than a pre-answer motion to dismiss. Therefore, this portion of Defendants' motion to dismiss is denied.

Accordingly, it is hereby,

ORDERED that Defendants' motion to dismiss is granted solely to the extent Plaintiff's claims for unpaid wages, overtime, and statutory violations that occurred before December 7, 2016 are dismissed as time-barred; and it is further

ORDERED that Defendants' motion to dismiss is otherwise denied; and it is further

ORDERED that within twenty days of this Decision and Order, Defendants shall serve an Answer to Plaintiff's Complaint on Plaintiff via NYSCEF; and it is further

ORDERED that the parties shall meet and confer and submit a proposed preliminary conference order to this Court via e-mail to SFC-Part33-Clerk@nycourts.gov on or before October 30, 2024. If the parties are unable to agree to a proposed preliminary conference order, they shall

**653737/2023   COLLAZO JR., JOSE vs. TRIUMPH CONSTRUCTION CORP. ET AL**
**Motion No. 001**

**Page 7 of 8**

7 of 8

[* 7]

appear for an in-person preliminary conference on November 6, 2024 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 9/30/2024 | | | | | _Mary V Rosado J S C_ | |
|-----------|--|--|--|--|------------------------|--|
| **DATE** | | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | |
|------------|--|---------------|--|--|---|-----------------------|--|
| | | GRANTED | | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**653737/2023 COLLAZO JR., JOSE vs. TRIUMPH CONSTRUCTION CORP. ET AL**
Motion No. 001

**Page 8 of 8**

8 of 8